IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TRACEY E. BOGLE**, <br><br> Plaintiff, <br><br> v. <br><br> **CLACKAMAS COUNTY, et al.**, <br><br> Defendants. | Case No. 3:15-cv-00013-SI <br><br> **OPINION AND ORDER** |

Leonard R. Berman, 4711 S.W. Huber Street, Suite E-3, Portland, OR 97219. Of Attorneys for Plaintiff.

Stephen L. Madkour, Clackamas County Counsel, and Scott C. Ciecko, Assistant County Counsel, OFFICE OF CLACKAMAS COUNTY COUNSEL, 2051 Kaen Road, Oregon City, OR 97045. Of Attorneys for Defendants Clackamas County, Craig Roberts, Brad O'Neil, Paul Coleman, Steve Strickland, Eric McGlothin, and Hillary Robinson.

**Michael H. Simon, District Judge.**

Plaintiff Tracey E. Bogle ("Mr. Bogle") brings this prisoner civil rights suit against Defendants including Clackamas County; Marion County; Craig Roberts, the Sheriff of Clackamas County ("Sheriff Roberts"); Jason Myers, the Sheriff of Marion County ("Sheriff Myers"); and other individuals. Now before the Court is Mr. Bogle's Motion for Leave to File a Second Amended Complaint (Dkt. 97) and Motion for Extension of Discovery Deadlines

PAGE 1 – OPINION AND ORDER

(Dkt. 105). Defendants Clackamas County; Sheriff Roberts; Eric McGlothin, a Clackamas County Deputy Sheriff ("Deputy McGlothin"); Brad O'Neil, a Clackamas County Deputy Sheriff ("Deputy O'Neil"); Paul Coleman, a Sergeant with the Clackamas County Sheriff's Office ("Sergeant Coleman"); Steve Strickland, a Sergeant with the Clackamas County Sheriff's Office ("Sergeant Strickland"); and Hillary Robinson, a Clackamas County Deputy Sheriff ("Deputy Robinson") (collectively, "Clackamas Defendants") oppose the Motions. For the reasons that follow, the Court grants Mr. Bogle's Motion for Leave to File a Second Amended Complaint and Motion for Extension of Discovery Deadlines.

## STANDARDS

### A. Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply the Rule's "policy of favoring amendments . . . with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks omitted). The purpose of the Rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)).

The Ninth Circuit instructs that a district court may, within its discretion, deny a motion to amend "'due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

B.  **Motion to Extend Deadlines**

A motion to extend any court-imposed deadline must be raised by motion and must show the following: (1) good cause why the deadlines should be modified; and (2) effective prior use of time. D. Or. L.R. 16-3(a)(1)-(2).

## BACKGROUND

A.  **The Amended Complaint**

On January 2, 2015, Mr. Bogle filed *pro se* this prisoner civil rights suit *in forma pauperis*.[1] On May 26, 2015, Mr. Bogle amended his complaint without the assistance of counsel.[2] Mr. Bogle's amended complaint alleges that on April 10, 2013, Deputy O'Neil, Deputy McGlothin, Deputy Robinson, Sergeant Coleman, and Sergeant Strickland went to the house of Mr. Bogle's girlfriend in order to arrest Mr. Bogle for a probation violation. According to Mr. Bogle, before the officers arrived at his girlfriend's house, Bobby Ottis, a Marion County Deputy Sheriff in the parole and probation office ("Deputy Ottis"), told the officers that Mr. Bogle had a history of resisting arrest and "would rather die than go to jail."[3]

Mr. Bogle did not notice the officers' arrival because he was performing yard work at the bottom of an embankment. The officers used two K-9 dogs to search the backyard for Mr. Bogle, who remained unaware of their presence. According to Mr. Bogle, the two K-9 dogs suddenly attacked him and he fell down the embankment into a creek. Deputy McGlothin yelled at Mr. Bogle to freeze or he would release another K-9 dog that was sitting beside Deputy McGlothin. Mr. Bogle asked "what it was for, [and] if it was for the probation

---

[1] Dkt. 1.

[2] Dkt. 48.

[3] *Id.* at 4 (quotation marks omitted).

PAGE 3 – OPINION AND ORDER

violation," and then Deputy McGlothlin released the third dog and "allowed the dog to bite and hang off" Mr. Bogle's arm.[4] After the officers recalled the K-9 dogs, Deputy Robinson "slammed her knee" in Mr. Bogle's back and "proceeded to kick and assault him with her knee."[5]

The officers then took Mr. Bogle to the emergency room at the Willamette Falls Medical Center, where the medical staff refused to offer Mr. Bogle antibiotics or X-rays, but did stitch his wounds. Mr. Bogle alleges that the "[m]edical staff there complied with officers to conceal [his] injuries."[6] The deputies transported Mr. Bogle to the Clackamas County Jail, where Mr. Bogle later suffered an infection in his arm. According to Mr. Bogle, the officers threatened Mr. Bogle with retaliation if he complained to anyone about the circumstances surrounding his arrest.

Mr. Bogle's amended complaint brings a number of claims arising from this set of alleged facts. First, Mr. Bogle alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 ("§ 1983") for unreasonable search and seizure, excessive use of force, cruel and unusual punishment, and deliberate indifference due to the officers' deployment of the K-9 dogs and Deputy Robinson's alleged assault during his arrest. Second, Mr. Bogle alleges that Sheriff Roberts and Sheriff Myers negligently hired and trained their officers and promoted unconstitutional policies regarding the use of K-9 dogs. Mr. Bogle further alleges that the "Clackamas County Sheriff's Department and Marion County Sheriff's

---

[4] *Id.* at 5.

[5] *Id.*

[6] *Id.* at 6.

PAGE 4 – OPINION AND ORDER

department have, and share[,] an unconstitutional [inter-]county canine policy which assist each other[] in making arrests with canines."[7]

Third, Mr. Bogle alleges that Deputy Ottis fabricated his remarks regarding Mr. Bogle's history of resisting arrest to the other officers and thus violated Mr. Bogle's Fourth, Eighth, and Fourteenth Amendment rights to be free from unreasonable searches and seizures, cruel and unusual punishment, and deliberate indifference. Fourth, Mr. Bogle alleges that Clackamas County and Marion County have unconstitutional policies "for the use of force" as well as "unconstitutional canine policies and customs."[8] Fifth, Mr. Bogle alleges that the Willamette Falls Medical Center and several of its employees, named and unnamed, acted negligently and maliciously in refusing to provide Mr. Bogle with appropriate medical care due to the officers' commands, resulting in further violations of his constitutional rights.

## B. The Proposed Second Amended Complaint

Mr. Bogle obtained counsel on August 4, 2015.[9] On March 25, 2016, Mr. Bogle moved for leave to file a second amended complaint.[10] The proposed second amended complaint alleges four claims: (1) a Fourth Amendment violation for excessive use of force, under § 1983, against Deputy McGlothlin, Deputy O'Neil, Deputy Robinson, Deputy Ottis, Sergeant Coleman, and Sheriff Myers ("First Claim"); (2) a common law battery claim, against Deputy McGlothlin, Deputy O'Neil, and Deputy Robinson ("Second Claim"); (3) a Fourth Amendment violation resulting from Sheriff Roberts's alleged ratification and approval of the officers' alleged

---

[7] *Id.* at 10.

[8] *Id.* at 12.

[9] Dkt. 67.

[10] Dkt. 97.

PAGE 5 – OPINION AND ORDER

excessive use of force, under § 1983, or, in the alternative, a *Monell* violation,[11] also under § 1983, against Clackamas County ("Third Claim"); and (4) a Fourth Amendment violation resulting from Sheriff Myers's alleged ratification and approval of the officers' alleged excessive use of force, under § 1983, or, in the alternative, a *Monell* violation, also under § 1983, against Marion County ("Fourth Claim").[12] Mr. Bogle requests an award of punitive damages in his First Claim. Mr. Bogle names all of the individual Defendants in their personal capacity.

## DISCUSSION

### A. Motion to File a Second Amended Complaint

The Clackamas Defendants do not object to the proposed amendments clarifying Mr. Bogle's Fourth Amendment excessive use of force claim against Deputy McGlothin and Deputy Robinson. The Clackamas Defendants oppose the remainder of the proposed

---

[11] In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that a local governmental entity such as a county or municipality is subject to liability under § 1983 only when the governmental entity itself inflicts the alleged constitutional injury, and not under a theory of *respondeat superior* for alleged civil rights violations by its employees. *Id.* at 694; *Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002) ("A municipality may be held liable under a claim brought under § 1983 only when the municipality inflicts an injury, and it may not be held liable under a respondeat superior theory.").

To demonstrate that the governmental entity has inflicted a constitutional injury, a plaintiff may show that a county itself violated the plaintiff's rights or directed its employees to do so. *Gibson*, 290 F.3d at 1185 (citing *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1994)). Alternatively, the plaintiff may show that, although a county did not direct its employees to violate the plaintiff's rights, the county is nevertheless responsible, either affirmatively through official policy or custom, or by omission. *Id.* Official policy within the meaning of *Monell* encompasses "situations where a municipality impliedly or tacitly authorized, approved, or encouraged illegal conduct by its . . . officers." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (quotation marks omitted).

[12] Dkt. 97-1.

PAGE 6 – OPINION AND ORDER

amendments, arguing that the majority of amendments are futile and that Mr. Bogle's Motion will result in undue delay and is made in bad faith.[13] The Court addresses each argument in turn.

### 1. Futility

Clackamas Defendants argue that there is no basis for Mr. Bogle's legal claims against Sheriff Roberts in his individual capacity; that Mr. Bogle's common law battery claim is precluded because Mr. Bogle did not provide tort claim notice as required by Oregon Revised Statute § 30.275[14]; that all claims against Sergeant Coleman are barred by the statute of limitations; and that Mr. Bogle has no basis to seek punitive damages in his First Claim. Mr. Bogle stipulates that he has no viable common law battery claim and that Sergeant Coleman should be dismissed from this action. Thus, the Court need only address whether Mr. Bogle's legal claims against Sheriff Roberts in his individual capacity and Mr. Bogle's request for punitive damages in his First Claim are futile.

#### a. Sheriff Roberts

The Ninth Circuit instructs that in a § 1983 action, "'[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)). The Clackamas County Defendants argue that no factual allegations exist in Mr. Bogle's

---

[13] The Clackamas Defendants additionally argue that the Court should award the Clackamas Defendants their reasonable attorney's fees incurred in responding to Mr. Bogle's Motion. The Court defers ruling on the fee request and will address all fee issues at the conclusion of litigation.

[14] Oregon Revised Statute § 30.275 requires notice of claim for any "action arising from any act or omission of a public body or an officer, employee or agent of a public body."

proposed amended complaint that would support a claim against Sheriff Roberts in his individual capacity. In Mr. Bogle's Third Claim, however, he alleges that Sheriff Roberts "knowingly ratified and approved of Deputies McGlothlin and Robinson's K-9 excessive force and search and seizure of [Mr. Bogle's] person and property without reasonable suspicion or probable cause that a crime had been committed or a danger existed." Dkt. 97-1 ¶ 39. Because Mr. Bogle's proposed amended complaint thus alleges that Sheriff Roberts was culpable in his "training, supervision, or control of his subordinates," Mr. Bogle's claim against Sheriff Roberts in his individual capacity is not futile. *See Starr*, 652 F.3d at 1208.

### b. Punitive Damages

"Punitive damages serve to punish the defendant for wrongful conduct and to deter the defendant and others from repeating that wrong." *Dang v. Cross*, 422 F.3d 800, 810 (9th Cir. 2005). In a § 1983 action, punitive damages may be awarded for malicious, wanton, or oppressive conduct. *See id.* at 808-09. Clackamas County Defendants argue that the proposed amended complaint does not allege any facts that would support the mental state required for a punitive damages award. In the proposed amended complaint, however, Mr. Bogle alleges that several of the individual Defendants "acted with a conscious disregard for Mr.[ ]Bogle's constitutional rights." Dkt. 97-1 ¶ 27. Thus, the Court declines to find that Mr. Bogle's proposed amendment requesting punitive damages in his First Claim is futile.

### 2. Undue Delay and Bad Faith

Clackamas Defendants argue that Mr. Bogle does not offer a legitimate explanation for why he did not move to amend his complaint in a more timely manner. Clackamas Defendants also assert that Mr. Bogle improperly is attempting to add claims for the purpose of extending discovery in the hope that he will later find evidence to support the claims, and thus that the Motion is made in bad faith.

PAGE 8 – OPINION AND ORDER

In evaluating undue delay, a court should "inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)). The Ninth Circuit has held that an eight month delay between obtaining a relevant fact and seeking leave to amend is unreasonable. *Id.* Mr. Bogle argues that Deputy McGlothlin's March 9, 2016, deposition revealed factual information relevant to the amendments, including the undue amount of discretion Deputy McGlothlin had regarding the use of his K-9 dog. Mr. Bogle additionally asserts that the proposed amended complaint clarifies Mr. Bogle's *Monell* claims and the individual liability of Sheriff Roberts.

The Court notes that Clackamas Defendants do not argue "undue prejudice" would result from permitting Mr. Bogle to amend. *See Zucco Partners*, 552 F.3d at 1007. Additionally, no "repeated failure to cure deficiencies by amendments previously allowed" exists, as the Motion to Amend is the first that Mr. Bogle has filed since he retained counsel. *Id.* The Court declines to deny the Motion on the basis of undue delay or bad faith upon these facts because of the "extreme liberality" with which courts should apply Federal Rule of Civil Procedure 15(a)'s policy of favoring amendments. *See DCD Programs*, 833 F.2d at 186 (quotation marks omitted). Accordingly, the Court grants Mr. Bogle's Motion to File a Second Amended Complaint.

**B.  Motion for Extension of Discovery Deadlines**

Counsel for Mr. Bogle states in his declaration that a further extension of discovery deadlines is necessary because Clackamas Defendants objected to producing prior K-9 cases and other discovery related to Mr. Bogle's allegations of the County's unconstitutional K-9 and use of force policies. Dkt. 106 ¶ 1. According to counsel, filing of the proposed amended complaint would facilitate such discovery. The Court notes that although Mr. Bogle could have moved to

PAGE 9 – OPINION AND ORDER

compel discovery, Mr. Bogle did not. Nevertheless, the Court finds good cause to extend deadlines in this case because of the anticipated filing of a Second Amended Complaint. *See* D. Or. L.R. 16-3(a). Accordingly, the Court grants Mr. Bogle's Motion for Extension of Discovery Deadlines.

## CONCLUSION

Mr. Bogle's Motion for Leave to File a Second Amended Complaint (Dkt. 97) and Motion for Extension of Discovery Deadlines (Dkt. 105) are GRANTED. Defendant Paul Coleman is DISMISSED from this action. Mr. Bogle may file a Second Amended Complaint consistent with this Opinion and Order by June 17, 2016. The Court will likely deny any further extension of the discovery deadlines in this case.

**IT IS SO ORDERED**.

DATED this 1st day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge